UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                            :
SPARTAN CAPITAL SECURITIES, LLC,         :
                                            :
                  Plaintiff,                       :
                                            :
                    -v-                      :              23-CV-9965 (JMF)
                                            :
CEDAR HOLDINGS MGMT, LLC,              :                  ORDER
                                            :
                  Defendant.                   :
                                            :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiff Spartan Capital Securities, LLC brings this action against Defendant Cedar Holding Mgmt, LLC, invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiff, an LLC, alleges that it has its principal place of business in New York, *see* ECF No. 1 ("Complaint") ¶ 2, and that its sole member is a "resident" of New Jersey, *see* ECF No. 8, at 2. It alleges that Defendant, also an LLC, has its principal place of business in Florida. *See id.* ¶ 4.

       It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs). *See Handelsman*, 213 F.3d at

51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010).  In the present case, the Complaint fails to do so.  Plaintiff's Rule 7.1 Statement identifies its sole member, but alleges only his state of residence, not his state of citizenship.  *See Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship . . . .").  Plaintiff also fails to allege the names or citizenship of any of the Defendant LLC's members.

Accordingly, it is hereby ORDERED that, on or before **November 30, 2023**, Plaintiff shall amend its Complaint to allege the citizenship of each constituent person or entity comprising the Plaintiff LLC and the Defendant LLC.  If, by that date, Plaintiff is unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party.

SO ORDERED.

Dated: November 16, 2023
       New York, New York

_____
JESSE M. FURMAN
United States District Judge